IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TERRI VAN LANINGHAM                                                       PLAINTIFF

V.                             NO. 14-5260

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Terri Van Laningham, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current application for SSI on May 26, 2010, alleging an inability to work since March 1, 2000, due to fibromyalgia, chronic arthritis, deep pain, sleep, and depression. (Tr. 142-145,169,175). An administrative hearing was held on November 14, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 23-42).

By written decision dated December 5, 2012, the ALJ found that since May 26, 2010, the application date, Plaintiff had an impairment or combination of impairments that were severe – arthralgias, osteoarthritis and fibromyalgia by history. (Tr. 13). However, after

1

reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. 416.967(b). (Tr. 14).  The ALJ concluded that Plaintiff had no past relevant work, and based upon her age and limited education, pursuant to Medical-Vocational Rule 202.17, Plaintiff had not been under a disability since May 26, 2010. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 16, 2014. (Tr. 1-4).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 15).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply

because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the

Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.  Discussion:

Plaintiff raises the following issues in this matter:  1)  Whether the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) Whether the ALJ erred in his credibility analysis; 3) Whether the ALJ erred in his RFC determination; and 4) Whether the ALJ erred by failing to fully and fairly develop the record.  (Doc. 11).

#### A.  Consideration of Plaintiff's Impairments in Combination:

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"  (Tr. 12).  He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  (Tr. 12).  The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings.  (Tr. 12).  The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments.  (Tr. 14).  This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments.  See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

#### B.  Credibility Analysis:

Plaintiff argues that the ALJ offered no explanation for why he found her testimony not to be credible, and that the ALJ appears to have been prejudiced by her past as a stay-at-home mother.

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC. (Tr. 15).  The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ discussed Plaintiff's daily activities, noting that she helped care for a pet, reported no real problems with personal care, cooked occasionally, did minimal household chores, drove occasionally, shopped in stores, was able to handle money, and socialized. (Tr. 13-14). The ALJ also discussed Plaintiff's medical treatments, noting that Plaintiff received only routine conservative treatment for her pain. (Tr. 16).  See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)(the conservative nature of treatment discredited allegations of disabling

pain). The ALJ observed that although in 2012, Dr. Ornette Gaines, Plaintiff's treating physician, indicated Plaintiff may need a pain management consult, there is no indication that Plaintiff was ever seen for pain management. (Tr. 16). In addition, Plaintiff continued to smoke up to 20 cigarettes daily, even though she was encouraged to quit by her physicians, which discredits her disability allegations. See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**C.     RFC Determination:**

Plaintiff argues that the ALJ has offered no supportive medical evidence to support her ability to function in the workplace. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those

6

limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

The ALJ found that Plaintiff retained the RFC to perform the full range of light work. (Tr. 14). In making such a finding, the ALJ considered the medical records as well as the opinion evidence of the physicians. The ALJ discussed Plaintiff's daily activities, Dr. Neil Mullins' General Physical Examination, and the fact that Plaintiff had only routine and conservative treatment for her alleged impairments during the relevant period. (Tr. 16). In his report, Dr. Mullins concluded that Plaintiff could sit, talk, walk, see, and hear, and although Plaintiff said she had "hearing problems," she could answer him correctly at eight feet without him raising his voice. (Tr. 281). Dr. Mullins found that all of Plaintiff's ranges of motion were within normal limits except Plaintiff said she could not bend over. (Tr. 278). Plaintiff was able to perform all limb functions, and had 100% normal grip in both hands. (Tr. 279). In addition, on January 19, 2011, non-examining consultant, Dr. Bill F. Payne, concluded that Plaintiff's physical impairments were not severe. (Tr. 341). The ALJ gave significant weight to the opinion of Dr. Mullins, and none of Plaintiff's treating sources opined any functional restrictions.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### D. Failure to Fully and Fairly Develop the Record:

Plaintiff argues that the ALJ disregarded her credible testimony and the medical evidence of record, but offered no evidence to the contrary and further neglected to develop

the record to more fairly and adequately evaluate the effects of her mental impairment. The ALJ noted that Plaintiff's attorney requested Plaintiff be sent for a mental consultative examination. (Tr. 15). However, he found the medical evidence of record provided sufficient medical evidence to determine whether plaintiff was disabled by a mental impairment. He further reported that he considered the medical evidence in light of Nevland v. Apfel, 204 F.3d 853 (8th Cir. 2000) and Luther v. Chater, 938 F.Supp. 538 (S.D. Ia. 1996). (Tr. 15). The ALJ considered Plaintiff's medical records dating back to 2001-2003, 2008, and 2010 forward.

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is

8

made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

On January 7, 2011, Plaintiff's treating physician, Dr. Gaines, diagnosed Plaintiff with anxiety disorder NOS, and suggested diet and exercise, and reported that if her anxiety increased, she may need to be on an SSRI. (Tr. 361). On January 18, 2011, a Psychiatric Review Technique report was completed by non-examining consultant, Cheryl Woodson-Johnson, Psy.D. (Tr. 327), wherein Dr. Woodson Johnson found that Plaintiff had a mild degree of limitation in all functional limitations and no episodes of decompensation. (Tr. 337). Dr. Woodson-Johnson also found that there was no mental status abnormality and no evidence of significant functional loss due to a mental condition. She concluded that Plaintiff's condition as presented was not considered severely limiting at that time. (Tr. 339). Although Dr. Gaines diagnosed Plaintiff with anxiety disorder, NOS, on April 7, 2011, subsequent thereto, Dr. Gaines did not mention any abnormal psychological exam findings, and no psychotropic medication was prescribed. (Tr. 363, 365, 372, 374). Plaintiff had no mental health treatment for her anxiety or depression outside of the treatment with Dr. Gaines.

Based upon the foregoing, the Court finds there were substantial existing medical sources which contained sufficient evidence for the ALJ to make a determination regarding Plaintiff's alleged mental impairment.

**IV. Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

9

is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 3rd day of September, 2015.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE